IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| HECTOR ACUNA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:10-cv-905 |
| | ) | |
| CHASE HOME FINANCE, LLC and | ) | |
| | ) | |
| FEDERAL NATIONAL MORTGAGE | ) | |
| ASSOCIATION, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants Chase Home Finance, LLC ("Chase") and Federal National Mortgage Association ("Fannie Mae" and collectively, "Defendants"), state the following as their Answer to the First Amended Complaint (the "Complaint") of Plaintiff Hector Acuna ("Acuna"):

1.  Defendants are without sufficient information to admit or deny the allegations in Complaint paragraph 1.

2.  Defendants admit the allegations in Complaint paragraph 2.

3.  Defendants admit the allegations in Complaint paragraph 3.

4.  Defendants admit the allegations in Complaint paragraph 4.

5.  Defendants admit the allegations in Complaint paragraph 5.

6.  Defendants admit the allegations in Complaint paragraph 6.

7.  Defendants admit the allegations in Complaint paragraph 7.

8.  Defendants admit the allegations in Complaint paragraph 8.

9.  Defendants admit the allegations in Complaint paragraph 9.

10.     Defendants, on information and belief, admit the allegations in Complaint paragraph 10.

11.     In response to the allegations in Complaint paragraph 11, Defendants admit only that Acuna defaulted on the subject note. Defendants are without sufficient information to admit or deny the remaining allegations in Complaint paragraph 11.

12.     In response to the allegations in Complaint paragraph 12, Defendants admit only that Acuna contacted Chase regarding a possible loan modification and deny all remaining allegation in this paragraph.

13.     Defendants deny the allegations in Complaint paragraph 13.

14.     In response to the allegations in Complaint paragraph 14, Defendants admit only that Acuna defaulted on the subject note and deny all remaining allegation in this paragraph.

15.     Defendants deny the allegations in Complaint paragraph 15.

16.     Defendants admit the allegations in Complaint paragraph 16.

17.     Defendants deny the allegations in Complaint paragraph 17.

18.     Defendants admit the allegations in Complaint paragraph 18.

19.     In response to the allegations in Complaint paragraph 19, Defendants admit only that Chase appointed the Substitute Trustees on July 16, 2010 as indicated on the Substitution Trustee attached as Exhibit B to the First Amended Complaint. All remaining allegations in Complaint paragraph 19 are denied.

20.     Defendants admit the allegations in Complaint paragraph 20.

21.     Defendants are without sufficient information to admit or deny the allegations in Complaint paragraph 21 and therefore deny the same.

22.     In response to the allegations in Complaint paragraph 22, Defendants admit only that Acuna faxed certain documents to Chase on August 13, 2010; however, Defendants deny that Acuna faxed all documents that Chase had requested in order to allow it to conduct its modification review.

23.     In response to the allegations in Complaint paragraph 23, Defendants admit only to receiving a call from Acuna on August 16, 2010 regarding the status of his loan modification application. Defendants admit that on August 16, 2010, Acuna had not yet provided all of the documents requested by Chase to allow it to conduct its loan modification review. Defendants deny all remaining allegations in Complaint paragraph 23.

24.     Defendants admit the allegations in Complaint paragraph 24.

25.     Defendants admit the allegations in Complaint paragraph 25.

26.     Defendants admit the allegations in Complaint paragraph 26.

27.     Defendants admit the allegations in Complaint paragraph 27.

28.     In response to the allegations in Complaint paragraph 28, Defendants aver that the referenced Servicer Participation Agreement ("SPA") speaks for itself, and Defendants deny any allegations in Complaint paragraph 28 that are inconsistent with its terms. Any remaining allegations in this paragraph are denied.

29.     The allegations in Complaint paragraph 29 constitute legal conclusions requiring no further response from Defendants. To the extent a response is required, Defendants aver that the referenced U.S. Treasury Department Supplemental Directive speaks for itself, and Defendants deny any allegations in Complaint paragraph 29 that are inconsistent with its terms. Any remaining allegations in this paragraph are denied.

30.     The allegations in Complaint paragraph 30 constitute legal conclusions requiring no further response from Defendants.  To the extent a response is required, Defendants aver that the referenced U.S. Treasury Department Supplemental Directive speaks for itself, and Defendants deny any allegations in Complaint paragraph 30 that are inconsistent with its terms. Any remaining allegations in this paragraph are denied.

31.     The allegations in Complaint paragraph 31 constitute legal conclusions requiring no further response from Defendants.  To the extent a response is required, Defendants aver that the referenced U.S. Treasury Department Supplemental Directive speaks for itself, and Defendants deny any allegations in Complaint paragraph 31 that are inconsistent with its terms. Any remaining allegations in this paragraph are denied.

32.     The allegations in Complaint paragraph 32 constitute legal conclusions requiring no further response from Defendants.  To the extent a response is required, Defendants aver that the referenced U.S. Treasury Department Supplemental Directive speaks for itself, and Defendants deny any allegations in Complaint paragraph 32 that are inconsistent with its terms. Any remaining allegations in this paragraph are denied.

33.     Defendants deny the allegations in Complaint paragraph 33.

34.     Defendants deny the allegations in Complaint paragraph 34.

### Breach of Contract

35.     In response to the allegations in Complaint paragraph 35, Defendants hereby repeat and reallege each response to the allegations contained in Complaint paragraphs 1 through 33 as if fully set forth herein.

36.     The allegations in Complaint paragraph 36 constitute legal conclusions requiring no further response from Defendants.  To the extent a response is required, Defendants aver that

4

the referenced Note and Deed of Trust speak for themselves, and Defendants deny any allegations in Complaint paragraph 36 that are inconsistent with their terms. Any remaining allegations in this paragraph are denied.

37.  Defendants deny the allegations in Complaint paragraph 37.

38.  Defendants deny the allegations in Complaint paragraph 38.

39.  Defendants deny the allegations in Complaint paragraph 39.

40.  Defendants deny the allegations in Complaint paragraph 40.

## DEMAND FOR JURY TRIAL

41.  In response to the jury trial demand in Complaint paragraph 41, Defendants deny that Acuna has alleged facts sufficient to state claims that entitle him to proceed to a trial by jury.

42.  Defendants deny that they are indebted to Acuna in the amount alleged in the Complaint or in any amount.

43.  Defendants deny that they are indebted to Acuna for the reasons alleged in the Complaint or for any other reason.

44.  Defendants deny that Acuna is entitled to the relief requested in the Complaint or to any relief whatsoever from Defendants.

45.  Defendants deny any allegation in the Complaint not specifically admitted in the foregoing Answer.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendants affirmatively state that Acuna's remaining claim is barred in whole or in part by his prior breach of the Note and Deed of Trust.

5

### Second Affirmative Defense

Defendants affirmatively state that Acuna's remaining claim is barred in whole or in part by the statute of frauds.

### Third Affirmative Defense

Defendants affirmatively state that Acuna is barred from recovery under his remaining claim because he has failed to allege a breach of any terms of the Note or Deed of Trust. Defendants will rely upon any and all properly provable defenses to the allegations and claims in the Complaint and reserve the right to amend their Answer and Affirmative Defenses if at anytime they be so advised.

WHEREFORE, Defendants Chase Home Finance, and Federal National Mortgage Association, by counsel, respectfully request that this Court dismiss the First Amended Complaint with prejudice.

CHASE HOME FINANCE, LLC
FEDERAL NATIONAL MORTGAGE
ASSOCIATION

By: ___/s/_____
Calvin W. Fowler, Jr. (VSB No. 27982)
J.P. McGuire Boyd, Jr. (VSB No.: 72753)
Williams Mullen
P.O. Box 1320
Richmond, VA  23218-1320
Facsimile: 804.420.6507
Telephone: 804.420.6000
Email: wfowler@williamsmullen.com
Email: mboyd@williamsmullen.com
*Counsel for Chase Home Finance, LLC and
Federal National Mortgage Association*

## CERTIFICATE OF SERVICE

I certify that on this 16th day of June 2011, a copy of the foregoing Answer was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> James D. Thornton, Esq.
> Central Virginia Legal Aid Society, Inc.
> c/o Thornton & Associates, PLC
> 5030 Sadler Place, Suite 204
> Glen Allen, Virginia  23060
> Facsimile: 804.377.3704
> Telephone: 804.377.3701
> Email: jim.thornton@thorntonassociates.com
> *Counsel for Plaintiff*

> By: ___/s/_____
> Calvin W. Fowler, Jr. (VSB No. 27982)
> J.P. McGuire Boyd, Jr. (VSB No.: 72753)
> Williams Mullen
> P.O. Box 1320
> Richmond, VA  23218-1320
> Facsimile: 804.420.6507
> Telephone: 804.420.6000
> Email: wfowler@williamsmullen.com
> Email: mboyd@williamsmullen.com
> *Counsel for Chase Home Finance, LLC and*
> *Federal National Mortgage Association*

15264211_1.DOC

7